IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JESSE JEROME DEAN, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 318-016 |
| | ) | |
| STACEY N. STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, a federal inmate at McRae Correctional Facility in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing a response to the instant petition. 28 U.S.C. § 2243. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and this civil action be **CLOSED**.

I.   **BACKGROUND**

Petitioner was named with eighteen other defendants in a twenty-one count indictment returned in the United States District Court for the Southern District of Florida. United States v. Dean, 94-506-CR, doc. no. 67 (S.D. Fla. Sept. 30, 1994) (hereinafter "CR 94-506"); (see also doc. no. 1, p. 2.) A jury returned a verdict finding Petitioner guilty of: (1) conspiracy to import cocaine, (2) importation of cocaine, (3) conspiracy to possess with intent to distribute cocaine, (4) possession with intent to distribute cocaine, and (5) using a

telephone to facilitate the commission of a felony.  CR 94-506, doc. no. 756; (doc. no. 1-1, pp. 2-3.)  United States District Judge Daniel T. K. Hurley sentenced Petitioner to a total of 360 months of imprisonment and five years of supervised release.  CR 94-506, doc. no. 789; (see also doc. no. 1, pp. 2.)  The Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence.  United States v. Dean, 176 F.3d 492 (11th Cir. 1999), *cert. denied*, 528 U.S. 1053 (1999), *rehearing denied*, 528 U.S. 1184 (2000).

On June 16, 2000, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging several grounds of ineffective assistance of counsel and of his fifth amendment rights to due process and against self-incrimination.  CR 94-506, doc. no. 855.  Judge Hurley denied the motion.  Id., doc. no. 870.  On February 14, 2005, Petitioner filed a second § 2255 motion, which Judge Hurley denied on April 5, 2005, as a second and successive motion.  Id., doc. nos. 899, 901.  Since 2005, the Eleventh Circuit has denied Petitioner's motions for leave for file a successive motion pursuant to § 2255 on four occasions.  In re: Jesse Jerome Dean, Jr., No. 10-11548 (11th Cir. May 12, 2010); In re: Jesse Jerome Dean, Jr., No. 12-12735 (11th Cir. June 11, 2012); In re: Jesse Jerome Dean, Jr., No. 12-13582 (11th Cir. July 18, 2012); In re: Jesse Jerome Dean, Jr., No. 16-10851 (11th Cir. Mar. 8, 2016).  Petitioner recounts other aspects of his extensive filing history in detail in his memorandum.  (Doc. no. 1-1, pp. 12-16.)

On March 8, 2018, Petitioner filed the instant § 2241 petition, in which he argues he is "actually and legally innocent" because he was "convicted and sentenced . . . for '*acts which do not constitute a criminal offense*.'"  (Doc. nos. 1; 1-1, p. 3) (emphasis in original).  Petitioner's allegations recount in detail the "classic cover-up of colossal proportions"

leading up to his "legal assassination" and subsequent conviction, his post-conviction efforts to challenge his sentence, the "personal animus" of Judge Hurley, the "irrefutable evidence" supporting his innocence, and the affirmative defenses in his favor. (See doc. no 1-1.) Ultimately, Petitioner requests immediate release based on his innocence. (Id. at 34.)

## II.   DISCUSSION

The primary purpose of a § 2241 petition is to provide the means for a prisoner to challenge the execution of his sentence. Here, Petitioner challenges the validity of his sentence, not its execution, as he claims that he is "actually and legally innocent" and has been convicted of and sentenced for "'acts which do not constitute a criminal offense.'" (Doc. no. 1-1, p. 3.) Because Petitioner has not received permission from the Eleventh Circuit for filing a successive motion under 28 U.S.C. § 2255(h) and does not meet the requirements for invoking the savings clause under § 2255(e), his petition must be dismissed.

"Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005); see also Jones v. Warden, FCC Coleman-Medium, 520 F. App'x 942, 944 (11th Cir. 2013). When, as here, the federal prisoner previously filed a § 2255 motion, he is barred from filing second and successive motions unless his claims rely upon the existence of newly discovered evidence or a new rule of retroactively applicable constitutional law. See 28 U.S.C. § 2255(h); United States v. Diaz–Clark, 292 F.3d 1310, 1316 (11th Cir. 2002). When a petitioner seeks to file a second and successive motion, he must first apply for and receive permission from the appropriate court of appeals before filing a successive §2255 motion in the district court. 28 U.S.C. 2244(b)(3); In re Blackshire, 98 F.3d 1293, 1293 (11th Cir.

1996).  As discussed above, Petitioner has sought the Eleventh Circuit's authorization to file a second and successive § 2255 motion on at least four occasions and has been consistently rejected.  Because the Eleventh Circuit has not granted Petitioner permission to file a second and successive § 2255 motion, dismissal is appropriate.  See § 2244(b)(4).

Under limited circumstances, however, a provision of § 2255, known as the "saving clause," permits a federal prisoner to challenge the legality of his detention in a § 2241 petition when the "remedy by motion is inadequate or ineffective to test the legality of [a petitioner's] detention."  See § 2255(e).  Recently, in McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1099 (2017), the Eleventh Circuit limited its interpretation of the saving clause.  The court held "[w]hen a prisoner's motion attacks his sentence based on a cognizable claim that can be brought in the correct venue, the remedy by motion is adequate and effective to test his claim," and the petitioner cannot proceed under § 2241.  Id. at 1089; see also Rice v. Flournoy, Civil Action No. 2:17-cv-40, 2017 WL 4853709, *3 (S.D. Ga. Oct. 26, 2017) (discussing McCarthan), *report and recommendation adopted by* 2017 WL 6210505, (S.D. Ga. Dec. 8, 2017.)  In so holding, the court limited the applicability of the saving clause to the "limited circumstances" where a petitioner's claims cannot be remedied by § 2255, such as when a petitioner challenges the execution of his sentence, the sentencing court has been dissolved, or other "practical considerations" prevent a petitioner from filing a motion to vacate.  McCarthan, 851 F.3d at 1093-94.

In McCarthan, the court overruled prior cases that allowed a petitioner to challenge a sentence under the saving clause where a retroactively applicable Supreme Court decision overturns circuit precedent.  Id. at 1082-1084, 1099.  The court determined the savings clause

is not met merely because a petitioner's claim does not merit relief based on its facts or current circuit precedent, as long as the "motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1089-90 ("Neither [Petitioner's] failure to bring this claim earlier nor his odds of success on the merits are relevant to the saving clause inquiry.").

Furthermore, the court held the procedural requirements of § 2255, including the prohibition against successive petitions, does not make the remedy inadequate. Id. at 1090-02 ("Allowing a prisoner with a claim that is cognizable in a motion to vacate to access the saving clause nullifies the procedural hurdles of section 2255 and undermines the venue provisions.") This holding is consistent with past Eleventh Circuit precedent concerning the adequacy of the remedy provided by § 2255. See, e.g., Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011) (*en banc*) ("The existence of the statutory bar on second and successive motion cannot mean that § 2255 is 'inadequate or ineffective' to test the legality of [a petitioner]'s detention within the meaning of the savings clause. If it did, the savings clause would eviscerate the second or successive motions bar."). Finally, the filing of a previous § 2255 motion does not allow a petitioner to proceed under the savings clause, and, regardless of whether a court of appeals will actually certify a successive § 2255 motion, § 2255 is adequate to test the legality of Petitioner's sentence. Harris v. Warden, 801 F.3d 1321, 1323, 1324 (11th Cir. 2015).

Here, because Petitioner merely "filed a traditional claim attacking his sentence that he could have brought in a motion to vacate, the [§ 2255] remedy is adequate and effective to test the legality of his detention." McCarthan, 851 F.3d at 1090. Petitioner fails to show the remedy under § 2255 is inadequate or ineffective to test the legality of his detention, and,

accordingly, the saving clause does not apply to his claim. Thus, his § 2241 petition constitutes an improper attempt to circumvent the requirements for filing second and successive § 2255 motions. Petitioner cannot avoid these requirements simply by raising his challenge in a different court, purportedly under § 2241. Id. at 1092.

### III.   CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and this civil action **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of March, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA